UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHEN SCOTT, TRUSTEE, and MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| HOOSIERVAC LLC, | ) ) |
| Defendant. | ) |

## COMPLAINT

Come now the Plaintiffs, Stephen Scott, Trustee ("Scott") and the Mid Central Operating Engineers Health and Welfare Fund (the "Fund"), by counsel, and for their Complaint against the Defendant, HoosierVac LLC, allege and state as follows:

1. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this is an action founded upon the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1059, 1132.

2. Defendant is in violation of its obligation to allow the Fund to audit its books and payroll records to ascertain its compliance with its obligation to make contributions to the Fund. Such failure violates ERISA; the Fund's trust agreement and plan document; its participation agreement with the Fund; and its collective bargaining agreement with the International Union of Operating Engineers ("IUOE"), Local 103.

3. The Fund is an employee benefit plan within the meaning of Section 3(1) and (3), and Section 502 of ERISA, 29 U.S.C. §§ 1002(1) and (3) and 1132. The Fund maintains its office and principal place of business in Terre Haute, Indiana.

4. The Fund acts as a collection agent for the Central Pension Fund of Operating Engineers and Participating Employers, the IUOE Local 103 Apprenticeship and Training Fund, the Indiana Constructors Industry Advancement Fund, and the Substance Abuse Testing Program, also employee benefit funds.

5. Scott is a Trustee of the Fund. Scott is a fiduciary of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Scott brings this action on behalf of the Trustees of the Fund.

6. Defendant is an employer existing under and by virtue of the laws of the State of Indiana, with its office located at 345 W State Road 218, Camden, IN, 46917.

7. Defendant is an employer and is a party in interest in an industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of ERISA, 29 U.S.C. §§ 1002(5)(11)(12) and (14) and 1059.

8. Defendant is a party to and has agreed to abide by the terms of a collective bargaining agreement, trust agreement, and participation agreement requiring it to make timely and full contributions to the Fund and to allow the Fund to audit its books and payroll records that the Fund requires to determine whether Defendant is accurately self-reporting its contribution obligations.

9. Pursuant to its authority to inspect and demand such records and information, the Fund notified Defendant, on or about September 1, 2023, that it had been selected for an audit of its books and records.

10. Defendant has failed to comply with the Fund's audit demand.

11. Plaintiffs are entitled by the terms of Section 502(g)(2) of ERISA, as amended by the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1132(g)(2), to their attorney fees incurred in bringing this action against Defendant.

WHEREFORE, Plaintiffs demand the following relief:

1. An order requiring Defendant to allow the Fund to conduct a full audit of its books and records.

2. A judgment for the full amount of Plaintiffs' reasonable attorneys' fees and costs of this action.

3. That the Court retain jurisdiction of this cause pending compliance with its Orders.

4. For such other, further, or different relief as the Court may deem just and proper.

> Respectfully submitted,
>
> Daniel Bowman (31691-49)
>
> BOWMAN & VLINK, LLC
> 911 E. 86th Street, Suite 201-M
> Indianapolis, IN 46240
> Telephone: (317) 912-3220
> E-mail: dbowman@fdgtlaborlaw.com