UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND,  </br>  Plaintiff,  </br>  v.  </br> HOOSIERVAC LLC,  </br>  Defendant. | )  </br> )  </br> )  </br> )  </br> )  </br> )  No. 2:24-cv-00326-JPH-MJD  </br> )  </br> )  </br> )  </br> )  </br> ) |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

In its Complaint, Mid Central Operating Engineers Health and Welfare Fund seeks as relief an order directing HoosierVac to allow the Fund to conduct a full audit of its books under ERISA. Dkt. [1]. HoosierVac has filed a motion to dismiss. Dkt. [8]. For the reasons below, that motion is **DENIED**.

**I.**
**Facts and Background**

Because Defendant has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Plaintiff alleges that HoosierVac has agreed to abide by a collective bargaining agreement, trust agreement, and participation agreement (the Agreements) that require HoosierVac make contributions to the Fund, and to allow the Fund to audit its books and payroll records. Dkt. 1 at ¶ 8. In September 2023, the Fund informed HoosierVac that it had been selected for

1

an audit. *Id.* at ¶ 9. The Fund alleges HoosierVac has failed to comply with the audit demand, *id.* at ¶ 10, and in so doing violated ERISA and the Agreements. *Id.* at ¶ 2.

Plaintiffs seek an order requiring HoosierVac allow the Fund to audit its books and records, as well as attorneys' fees and costs. *Id.* at 3. HoosierVac has filed a motion to dismiss under Rule 12(b)(6), dkt. 8, Plaintiffs have responded, dkt. 10, and HoosierVac has not replied.

## II.
## Rule 12(b)(6) Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations

merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). "It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

### III.
### Analysis

HoosierVac argues Plaintiffs' 12-paragraph Complaint has 10 conclusory paragraphs and therefore fails to state a claim upon which relief can be granted. Dkt. 8 at 3. Plaintiffs respond that its Complaint meets federal pleading standards. Dkt. 10 at 2.

To state a claim for relief, "the factual allegations must be enough to raise a right to relief above the speculative level." *McCauley*, 671 F.3d at 616. "The required level of specificity rises with the complexity of the claim." *Id.* at 616–17.

This is a straightforward case with straightforward claims. Plaintiffs' allegation that HoosierVac failed to open its books for an audit, dkt. 1 at ¶ 2, is sufficiently plausible and detailed to survive the motion to dismiss. The same goes for Plaintiffs' other allegations, including that the Fund is an employee benefit plan under ERISA, *id.* at ¶ 3; the Fund acts as a collection agent for other named funds, *id.* at ¶ 4; Mr. Scott is a trustee of the fund, *id.* at ¶ 5; HoosierVac is an employer under ERISA, *id.* at ¶ 7; HoosierVac has agreed to abide by the terms of the Agreements, *id.* at ¶ 8; the Fund has the authority to

inspect HoosierVac's books, *id.* at ¶ 9; and HoosierVac has failed to comply with the Fund's audit demand, *id.* at ¶ 10. The Fund has explained who they are, what they do, who Defendant is, the alleged violations, and the relief requested. *See generally* dkt. 1. That is enough to survive the motion to dismiss. *Iqbal*, 556 U.S. at 678 (requiring the plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Last, HoosierVac's charges filed with the NLRB—labeled as a "jurisdictional note"—do not alter this analysis. *See* dkt. 8 at 1. HoosierVac has not explained how its NLRB filings impact this Court's jurisdiction, especially given Plaintiffs' response that the NLRB charges have been dismissed or withdrawn. Dkt. 10 at 1 n.1.

## IV.
## Conclusion

Defendant's motion to dismiss, dkt. [8], is **DENIED**.

**SO ORDERED.**

Date: 8/5/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel