UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEPHEN SCOTT, Trustee, Mid Central Operating Engineers Health and Welfare Fund,<br>    Plaintiff, | )<br>)<br>)<br>)<br>) No. 2:24-cv-00326-JPH-MJD |
| v. | ) |
| HOOSIERVAC, LLC,<br>    Defendant/Counter Claimant. | )<br>) |

## DEFENDANT AND COUNTERCLAIMANT HOOSIERVAC'S MOTION TO SEEK LEAVE TO FILE AN AMENDED ANSWER

**COMES NOW**, Defendant and Counterclaimant HoosierVac, LLC, by and through its undersigned counsel, and respectfully moves this Honorable Court for leave to file an Amended Answer pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15-1. In support of this Motion, HoosierVac, LLC states as follows:

### I. INTRODUCTION

HoosierVac seeks to amend its Answer to include specific new counterclaims, to join HoosierX, LLC ("HoosierX") as a Counterclaimant, and to add additional counterclaim defendants who are directly involved in the ongoing legal controversy. These amendments are necessary to accurately reflect the developments in this litigation, particularly the interconnected legal claims and factual background shared by HoosierVac and HoosierX. The Amended Answer with the new counterclaims is attached hereto as Exhibit A.

### II. LEGAL STANDARD

In accordance with Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, this Motion is timely filed. On August 13, 2024, HoosierVac filed its original Answer and this Motion to Amend

1

is being filed within 21 days of service of a responsive pleading.

The U.S. Supreme Court has emphasized that leave to amend should be, "freely given when justice so requires," unless there is a good reason to deny it, such as undue delay, bad faith, or prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, the original Answer was served on August 13, 2024, and this Motion is being filed within the 21-day period allowed under Rule 15(a)(1)(B). Therefore, this amendment is timely and appropriate under the Federal Rules. The Seventh Circuit has consistently upheld this liberal standard, noting that amendments should be allowed when they enable the court to reach a decision based on the full merits of the case. See *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Given that the proposed amendment is being sought within the timeframe allowed by the Rules and that it serves to fully address the evolving facts of the case, it should be permitted to ensure a comprehensive resolution of the dispute.

### III.  BACKGROUND

STEPHEN SCOTT, Trustee, Mid Central Operating Engineers Health and Welfare Fund (Fund) initiated this action against HoosierVac, LLC (HoosierVac) alleging HoosierVac violated its obligation to an audit by Fund. During the course of litigation, it became apparent that additional parties, who are not currently named, are necessary for the complete resolution of the controversy. Specifically, HoosierVac and HoosierX intend to file claims against these newly named defendants for their respective roles in the underlying disputes.

1.  **FRCP 20.** Under Rule 20(a) of the Federal Rules of Civil Procedure, multiple parties may join in an action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all plaintiffs will arise in the action. Both conditions are met here.

2.     **Same Transaction or Occurrence.**  The HoosierX and HoosierVac claims arise from the same series of actions that gave rise to the complaint Fund filed the instant action. HoosierVac and HoosierX allege that the employer-union dispute began in about 2021 when IUOE Local 103 began harassing HoosierVac due to the rapid growth of HoosierVac caused other larger hydro vac companies to complain that the growth of HoosierVac was taking from them some of their client base. On multiple occasions, IUOE Local 103 blamed HoosierVac Supervisor Chris as being the problem for them. Chris, a IUOE Local 103 member for several years prior and the then supervisor at HoosierVac, resigned his membership with the union and began HoosierX in hopes that the union would permit HoosierVac to work without interference. The resignation from the union by Chris, coupled with the completive pressures HoosierVac put into motion the threat to break HoosierVac and subsequent actions that followed, beginning with a secondary boycott action by IUOE Local 103 against HoosierVac.

IUOE Local 150 filed a baseless grievance accusing HoosierVac of double breasting with HoosierX. This grievance preceded the Fund complaint. This grievance lacked factual support and was intended to tarnish the reputation of HoosierVac and HooiserX and disrupt their business operations. In fact, the punishment IUOE Local 150 imposed on HooiserVac was that, for each time HoosierX was found within the jurisdictional territory of IUOE Local 150, the local would charge HoosierVac for payment of due, benefits and other costs.

Moreover, the wrongful actions of the newly identified defendants in connection with the International Union of Operating Engineers (IUOE), Local 103, Local 150, Alex Meyers, John Meyers, Derek Lane, Ted J. Berchtold and John Does 1-10 strongly suggests a joint effort to harm HoosierVac and HoosierX. The facts giving rise to HoosierVac's claims are materially identical to those supporting HoosierX's claims, making joinder appropriate.

3. **Common Questions of Law and Fact.** HoosierVac and HoosierX alleged legal and factual questions central to the claims that are substantially the same. Both entities allege similar misrepresentations, or other wrongful conduct by the newly identified defendants, requiring the Court to resolve the same issues of law and fact.

4. **Economy and Efficiency.** Permitting HoosierX to join as a Counterclaim Plaintiff will promote judicial economy by avoiding multiple lawsuits involving the same facts and legal issues. It will prevent the unnecessary duplication of efforts by the parties and the Court, conserve resources, and minimize the risk of inconsistent rulings. Moreover, failing to join HoosierX can cause parallel litigation that runs the risk of inconsistent rulings, duplicating of efforts and expenditures by both parties, and cause undue delays.

5. **No Prejudice to Defendants.** Granting this Motion will not prejudice the Plaintiff. The core issues in the case remain the same, and the Plaintiff will have ample opportunity to respond to the new claims. Additionally, the amendment will provide a more comprehensive resolution of the controversy, ensuring that all parties' rights and interests are fully represented.

6. **No Undue Delay.** Litigation is in its infancy. Discovery is not yet underway so that the introduction of HoosierX as a new party does not disturb the approved Case Management Plan in place, and there is no delay caused by its joinder.

7. Any delay caused by the joinder of HoosierX is minimal and outweighed by the benefits of addressing all related claims in one action.

## IV.    AMENDMENTS

The proposed Amended Answer includes the following critical amendments:

1. **Joinder of HoosierX, LLC as a Counterclaimant**: HoosierVac and HoosierX share common interests and legal claims arising from the same set of coordinated actions by the

4

Plaintiff, the International Union of Operating Engineers ("IUOE") Locals 103 and 150, and other involved parties. Specifically, these actions include:

A. <u>Defamation and Interference with Business:</u> HoosierVac and HoosierX have been targeted by a coordinated defamation campaign and business interference orchestrated by IUOE Locals 103 and 150. This includes the filing of a baseless grievance accusing HoosierVac of "double breasting" with HoosierX, a claim that lacks factual support and was intended solely to damage the reputations of both entities and disrupt their operations.

B. <u>Harassment and Anticompetitive Behavior:</u> The union locals initiated a series of harassing actions against HoosierVac, beginning in 2021, due to the rapid growth of HoosierVac, which was perceived as a threat to other, larger hydrovac companies. The union's actions included threats and secondary boycotts aimed at breaking HoosierVac's business.

C. <u>Misuse of Union Power:</u> IUOE Local 150 imposed wrongful punishments on HoosierVac, charging it for dues, benefits, and other costs every time HoosierX was found operating within IUOE Local 150's jurisdiction. These actions were part of a concerted effort to undermine the competitive standing of both HoosierVac and HoosierX.

2. **Addition of New Counterclaim Defendants**: The proposed Amended Answer seeks to add as counterclaim defendants several individuals and entities that played key roles in the union's campaign against HoosierVac and HoosierX. These include, but are not limited to, individuals who participated in the defamation, harassment, and coordinated business interference efforts:

A. <u>Alex Meyers:</u> Accessed and shared proprietary information with his brother and others to further the union's efforts against HoosierVac.

B. <u>William Scheibelhut:</u> Involved in the unauthorized use and dissemination of HoosierVac's confidential information, contributing to the union's coercive tactics.

C. <u>Derek Lane</u>: Involved in creating and distributing derogatory materials that defamed HoosierVac and disrupted its business.

D. <u>Ted J. Berchtold:</u> Allegedly violated the proprietary interests of a HoosierVac customer by unlawfully recording and posting video footage taken within the customer's premises, as well as distributing derogatory stickers, damaging the business relationship.

E. <u>John Does 1-10:</u> Additional unidentified individuals believed to be union members or affiliates involved in the coordinated sabotage, defamation, and other unlawful activities against HoosierVac and HoosierX.

3. **Clarification of Legal Theories and Facts**: The Amended Answer provides a detailed account of the specific actions taken by the IUOE Locals and the newly identified defendants. This includes a thorough explanation of how the union's actions were designed to stifle competition, unlawfully interfere with business operations, and use coercion and defamation as tools to drive HoosierVac and HoosierX out of the hydro-vac industry. The Amended Answer also clarifies the legal basis for the claims, including violations of the Sherman Antitrust Act, defamation, breach of fiduciary duty, and invasion of privacy, among others.

**V. SPECIFIC REASONS FOR JOINDER**

The proposed Amended Answer seeks to join HoosierX, LLC as a Counterclaimant and to add several new Counterclaim Defendants. The following common questions of law and fact justify this joinder:

1. **Common Questions of Law and Fact Between HoosierVac and HoosierX:** First, both HoosierVac and HoosierX are involved in legal disputes arising from the coordinated actions of the Plaintiff and affiliated unions, specifically IUOE Local 103 and Local 150. These actions include false allegations of "double breasting," defamation, and interference with business operations. The common legal issue involves whether the unions' actions constitute unfair labor practices, defamation, and violation of antitrust laws, as both entities were similarly targeted by the unions' campaign. Both entities allege that the unions and associated parties engaged in coordinated conduct aimed at eliminating them from the hydro-vac industry, raising common factual questions about the unions' motivations and methods.

2. **Common Questions of Law and Fact Involving Alex Meyers and William Scheibelhut:** Second, the involvement of Alex Meyers and William Scheibelhut also presents common questions of law and fact. Alex Meyers, while employed by HoosierVac, accessed and shared confidential business information with his brother, William Scheibelhut, and others. This conduct is central to both the defamation and conspiracy claims against the unions and their affiliates. The legal issue centers on whether the unauthorized access and dissemination of this information by Alex Meyers and William Scheibelhut contributed to the unions' broader scheme to harm HoosierVac and HoosierX. The factual question involves determining the extent to which this information was used to undermine the businesses. Both Alex Meyers and William Scheibelhut's actions are intertwined with the

unions' efforts to drive HoosierVac and HoosierX out of the industry, directly relating to the common conspiracy and interference claims.

3. **Common Questions of Law and Fact Involving Derek Lane and Ted J. Berchtold:**

Lastly, the actions of Derek Lane and Ted J. Berchtold similarly involve common questions of law and fact. Derek Lane is alleged to have created and distributed defamatory stickers, and Ted J. Berchtold allegedly posted unauthorized video footage that violated the proprietary interests of a HoosierVac customer. Both actions were part of the unions' broader campaign to damage the reputation and business operations of HoosierVac and HoosierX. The legal issue involves whether these actions amount to defamation, invasion of privacy, and interference with business relations. The common factual questions concern the content of the stickers and video and their impact on the businesses' reputations and customer relationships. These acts were not isolated incidents but were part of a concerted effort to harm the businesses, linking them directly to the broader claims against the unions and justifying their joinder as defendants.

## VI. JUSTIFICATION FOR JOINDER AND AMENDEMENT

The proposed Amended Answer seeks to join HoosierX, LLC as a Counterclaimant and to add several new Counterclaim Defendants. The Seventh Circuit has long recognized that joinder is appropriate when claims against multiple parties arise out of the same transaction or occurrence and involve common questions of law or fact. The court in *In re EMC Corp.* held that "joinder is proper when the claims against the parties to be joined share an aggregate of operative facts and a common question of law." 677 F.3d 1351, 1358 (Fed. Cir. 2012) (applying Seventh Circuit law).

In this case, both HoosierVac and HoosierX are involved in disputes that arise from coordinated actions by the Plaintiff and affiliated unions, specifically IUOE Local 103 and Local

150. These actions include false allegations of "double breasting," defamation, and interference with business operations, all of which are intended to undermine the businesses of HoosierVac and HoosierX. The common legal issue in this context is whether the unions' actions constitute unfair labor practices, defamation, and violations of antitrust laws. Both entities allege that the unions engaged in coordinated conduct to eliminate them from the hydro-vac industry, raising common factual questions about the unions' motivations and methods.

The involvement of Alex Meyers and William Scheibelhut in accessing and disseminating confidential business information further supports the appropriateness of joinder. The Seventh Circuit has acknowledged that when defendants' actions are intertwined and their liability is contingent upon shared legal and factual circumstances, joinder is not only permissible but encouraged to promote judicial efficiency. In *Knoedler Manufacturers, Inc. v. Cox*, the court emphasized that joinder is appropriate where the claims "are logically related, and the determinations of the claims involve overlapping evidence and legal questions." 545 F.2d 1033, 1035 (7th Cir. 1976).

In light of these precedents, the joinder of HoosierX, LLC as a Counterclaimant, and Alex Meyers, William Scheibelhut, and others as Counterclaim Defendants, is justified by the interconnected legal issues and shared factual background. The amendment will not only ensure a comprehensive resolution of the disputes but also promote judicial economy by allowing all related claims to be resolved in a single proceeding, thereby avoiding inconsistent rulings and duplicative litigation.

### VI.   CONCLUSION

WHEREFORE, HoosierVac, LLC respectfully requests that this Court grant its Motion for Leave to File an Amended Answer and allow the proposed Amended Answer, attached hereto as Exhibit A, to be filed.

Dated this 3rd day of September, 2024.　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/Rafael Ramirez*
　　　　　　　　　　　　　　　　　　　　　　　Rafael Ramirez, IN 18847-49;
　　　　　　　　　　　　　　　　　　　　　　　TX 24087060
　　　　　　　　　　　　　　　　　　　　　　　RAMIREZ LAW OFFICE, P.C.
　　　　　　　　　　　　　　　　　　　　　　　P. O. Box # 219
　　　　　　　　　　　　　　　　　　　　　　　Rio Hondo, TX 78583
　　　　　　　　　　　　　　　　　　　　　　　rafael@ramirez-law.com
　　　　　　　　　　　　　　　　　　　　　　　Phone: 317-679-5975
　　　　　　　　　　　　　　　　　　　　　　　Fax: 317-951-8539

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of September, 2024, I electronically filed the foregoing Motion to Seek Leave to File an Amended Answer with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to the following attorneys of record:

Daniel Bowman (31691-49)
BOWMAN & VLINK, LLC
E-mail: dbowman@fdgtlaborlaw.com

　　　　　　　　　　　　　　　　　　　　　　　*/s/Rafael Ramirez*
　　　　　　　　　　　　　　　　　　　　　　　Rafael Ramirez, IN 18847-49;
　　　　　　　　　　　　　　　　　　　　　　　TX 24087060