UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:24-cv-00326-JPH-MJD ) |
| HOOSIERVAC LLC, | ) ) ) |
| Defendant. | ) |

**ORDER ON MOTION TO AMEND ANSWER**

This matter is before the Court on Defendant's Motion to Seek Leave to File an Amended Answer. [Dkt. 39.] For the reasons set forth below, the motion is **DENIED**.

## I. Background

Defendant HoosierVac LLC is a hydro-vacuum company that utilizes union-supplied vacuum truck operators in its business. Those operators are members of the International Union of Operating Engineers ("the Union"). Plaintiffs, Stephen Scott, Trustee, ("the Trustee") and Mid Central Operating Engineers Health and Welfare Fund ("the Fund"), filed this case on June 24, 2024. [Dkt. 1.] The Fund is an employee benefit plan for members of the Union. In their Complaint, Plaintiffs allege that HoosierVac has violated its obligation

> to abide by the terms of a collective bargaining agreement, trust agreement, and participation agreement requiring it to make timely and full contributions to the Fund and to allow the Fund to audit its books and payroll records that the Fund requires to determine whether Defendant is accurately self-reporting its contribution obligations.

*Id.* at 2. Pursuant to Section 502(g)(2) of ERISA, as amended by the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1132(g)(2), Plaintiffs seek "[a]n order requiring

HoosierVac to allow the Fund to conduct a full audit of its books and records" as well as an award of attorney fees and costs. *Id.* at 3.

In its Answer to the Complaint, HoosierVac asserted a Counterclaim against the Trustee. [Dkt. 16 at 7.] In its Counterclaim, HoosierVac asserts that the Trustee has taken "actions that have harmed HoosierVac's business operations and reputation" and asserts claims for breach of fiduciary duty, defamation, tortious interference with business relations, and conspiracy. *Id.* at 7. Generally speaking, HoosierVac alleges that the Trustee conspired with two locals of the Union in an effort to drive HoosierVac out of business, including, *inter alia*, "conduct[ing] unwarranted audits and disseminated misleading financial information." *Id.* at 8.

## II. Discussion

The instant motion is the latest in a string of attempts by HoosierVac to add an additional Counterclaimant—HoosierX, LLC—and additional claims and Counterclaim Defendants to this case. *See* [Dkt. 21] (Motion for Leave to File a Motion to Amend the Answer to Include Third-Party Plaintiffs' Claims) (denied at [Dkt. 25]); [Dkt. 27] (Motion to Join HoosierX, LLC as a Third-Party Plaintiff) (denied at [Dkt. 32]); [Dkt. 33] (Motion to Join HoosierX, LLC as a Counterclaim Plaintiff); [Dkt. 37] (Motion to Join HoosierX, LLC as a Counterclaimant) (both withdrawn, *see* [Dkt. 41]). The instant motion avoids the procedural issues that were present in some of the previous motions, thus permitting the Court to address the substance of HoosierVac's request.

### A. Applicable Law

Several Rules of Civil Procedure are implicated by the instant motion. First, because the motion was filed prior to the October 30, 2024, deadline for seeking leave to amend pleadings, *see* [Dkt. 31 at 2], "Rule 15(a) provides that a court 'should freely give leave [to amend] when

2

justice so requires.'" *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022) (citing Fed. R. Civ. P. 15(a)(2)).  "Regardless, a district court may deny leave to amend if amendment would be futile."  *Id.* (citing *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  In this case, as explained below, the proposed amendment would be futile if it would be subject to a successful challenge pursuant to the rules regarding the addition of parties.

Rule 13 provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."  Relevant to the instant motion, Rule 20(a) provides:

> **(1) *Plaintiffs.*** Persons may join in one action as plaintiffs if:
>
> > **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > **(B)** any question of law or fact common to all plaintiffs will arise in the action.
>
> **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:
>
> > **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > **(B)** any question of law or fact common to all defendants will arise in the action.
>
> **(3) *Extent of Relief.*** Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

Finally, Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."

3

"These rules are broad, giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). The Seventh Circuit has explained the interplay of the rules as follows:

> A district judge necessarily has considerable discretion in applying Rules 18 and 20. The rules "operate[ ] independently" because Rule 20 contains limitations that Rule 18 does not, and the Rule 20 inquiry comes first. *See Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 755 n.10 (7th Cir. 2015), citing *Intercon Research Assocs., Ltd. v. Dresser Industries, Inc.*, 696 F.2d 53, 56–57 (7th Cir. 1982) ("Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties [have] been met.").

*Lovell*, 888 F.3d at 863.

### B. Analysis

The determination of whether HoosierVac may add the parties and claims set out in its proposed Amended Answer must begin with an examination of the claims HoosierVac wishes to assert. The Amended Counterclaim asserted in the proposed Amended Answer consists of ten counts. The only count that the proposed new Counterclaim Defendants and the current Counterclaim Defendant, Scott, share in common is Count 7, which is a claim for conspiracy. The Claim alleges:

> Defendants conspired together to damage HoosierVac's and HoosierX's business operations through coordinated unlawful activities, including sabotage, defamation, and unauthorized use of confidential information.

[Dkt. 39-1 at 16.]

Under Indiana law,

> A civil conspiracy is a combination of two or more persons who engage in a concerted action to accomplish an unlawful purpose or to accomplish some lawful purpose by unlawful means. *Boyle v. Anderson Fire Fighters Ass'n. Local 1262, AFL–CIO*, 497 N.E.2d 1073, 1079 (Ind. Ct. App. 1986), *trans. denied*; *Sims v. Beamer*, 757 N.E.2d 1021, 1026 n.5 (Ind. Ct. App. 2001). In Indiana, there is no separate civil cause of action for conspiracy. *Sims*, 757 N.E.2d at 1026. However,

there is a civil cause of action for damages resulting from a conspiracy. *Id.* Allegations of civil conspiracy sound in tort. *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1168 (Ind. 2002). "Unlike criminal conspiracy, '[t]he gist of a civil conspiracy is not the unlawful agreement, but the damage resulting from that agreement.'" *Id.* (quoting 16 AM. JUR. 2d, Conspiracy, § 53 at 279 (1998)). In other words, allegations of a civil conspiracy are just another way of asserting a concerted action in the commission of a tort. *Boyle*, 497 N.E.2d at 1079.

*K.M.K. v. A.K.*, 908 N.E.2d 658, 663-64 (Ind. Ct. App. 2009). Accordingly, "a claim of civil conspiracy must be considered together with an underlying alleged tort." *Holland v. Ketcham*, 181 N.E.3d 1030, 1038-39 (Ind. Ct. App. 2021) (quoting *Miller v. Cent. Ind. Cmty. Found., Inc.*, 11 N.E.3d 944, 963 (Ind. Ct. App. 2014)).

The problem in this case is that the proposed Amended Counterclaim does not assert any underlying alleged tort against both the Fund and the other proposed Counterclaim Defendants. Count 1 (Criminal Mischief and Reckless Endangerment) is asserted against John Does 1-10; Count 2 (Tortious Interference with Business Relations) is asserted against Local 103 and Local 150; Count 3 (Breach of Fiduciary Duty) is asserted against the Fund; Count 4 (Defamation) is asserted against Local 103, Local 150, Alex Meyers, John Meyers, and Derek Lane; Counts 5 (Invasion of Privacy) and 6 (Conversion) are asserted against Alex Meyers and William Scheibelhut; Count 8 (Tortious Interference with Business Relations) is asserted by HoosierX against Local 150; Counts 9 and 10 (both Defamation and Distribution of Derogatory Material) are asserted against Derek Lane; and a second Count 10 (Violation of Proprietary Interests) is asserted against Ted Berchtold.[1] Since, as noted above, "allegations of a civil conspiracy are just

---

[1] Although the proposed Amended Counterclaim discusses alleged antitrust violations in the Introduction and Fact sections, and states in the Jurisdiction and Venue section that "[t]his action arises under federal antitrust laws, specifically the Sherman Antitrust Act, 15 U.S.C. §§ 1-2, and the Clayton Antitrust Act, 15 U.S.C. § 15," [Dkt. 39-1 at 10], no antitrust claim is alleged among the ten enumerated counts contained in the "Claims for Relief" section, *id.* at 14. Nor does the Amended Counterclaim appear to set forth all of the facts that would be necessary to assert such a claim.

5

another way of asserting a concerted action in the commission of a tort," *K.M.K.*, 908 N.E.2d at 664, and HoosierVac does not bring any tort claim that it alleges the Fund committed along with the other proposed Counterclaim Defendants, HoosierVac does not properly assert a claim for damages resulting from civil conspiracy.  Accordingly, HoosierVac has not asserted any claim for relief against both the Fund and the proposed Counterclaim Defendants, and therefore HoosierVac has not satisfied the requirement of Rule 20(a)(2)(A) that persons may be joined as defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."[2]  It would thus be futile to permit the proposed amendment, as the new claims would be subject to dismissal for improper joinder.

Finally, the Court notes that "[a] district court may, in its discretion, deny joinder even if the Rule 20(a)(2) requirements are met." *Dorsey v. Varga*, 55 F.4th 1094, 1103 (7th Cir. 2022) (citing *Lovell*, 888 F.3d at 863 (listing prejudice, expense, and delay as reasons to deny otherwise-proper joinder)).

> The judge may deny joinder under Rule 20 if "the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." 7 Wright & Miller, Federal Practice and Procedure § 1652 (3d ed.). Although Rule 18 does not contain the same limitations as Rule 20, district courts still have discretion at the pleading stage because of Rule 21.  *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

*Lovell*, 888 F.3d at 863.  The Court would certainly exercise that discretion here, even if HoosierVac's proposed pleading did satisfy the requirements of Rule 20.  HoosierVac's proposed

---

[2] HooserVac ignores this express requirement of Rule 20 when it argues that joinder is appropriate merely because "[t]he conspiracy, defamation, and tortious interference claims arise from the same coordinated effort by the Fund, Local 103, and Local 150 to sabotage HoosierVac's operations."  [Dkt. 48 at 2.]

amendment would unreasonably increase the expense of litigating this case, as well as delay its resolution, by vastly increasing the number of parties and by adding allegations that are factually unrelated to the Fund's requested audit of HoosierVac, even if, as HoosierVac asserts, the request for the audit was motivated by the Fund's desire to put HoosierVac out of business. As Judge Hanlon noted in denying HoosierVac's motion to dismiss, Plaintiffs' case "is a straightforward case with straightforward claims." [Dkt. 15 at 3.] Plaintiffs' case will begin and end entirely with the language of the relevant agreements—they either are entitled to the audit they seek or they are not. *See generally* Elec. Constr. Indus. Prefunding Credit Reimbursement Program v. Veterans Elec., LLC, 941 F.3d 311, 315 (7th Cir. 2019).

HoosierVac's wide-ranging allegations regarding the desire of Plaintiffs and the proposed Counterclaim Defendants to put HoosierVac out of business and the tortious actions they allegedly took in order to accomplish that end may, and should, be decided separately from the simple and straightforward claim asserted by Plaintiffs. Therefore, even assuming HoosierVac could properly articulate the Proposed Counterclaims in this case, the Court, in its discretion, denies it leave to do so.

### III. Conclusion

For the reasons set forth above, Defendant's Motion to Seek Leave to File an Amended Answer, [Dkt. 39], is **DENIED**.

SO ORDERED.

Dated: 15 OCT 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.