UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MID CENTRAL OPERATING ENGINEERS | ) | |
| HEALTH AND WELFARE FUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00326-JPH-MJD |
| | ) | |
| HOOSIERVAC LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**Brief in Support of Motion to Reconsider**

I. Introduction

Defendant HoosierVac, LLC ("HoosierVac") respectfully submits this motion for reconsideration of the Court's order denying its Motion to Transfer the National Labor Relations Board (NLRB) cases to federal court (Dkt. 58). HoosierVac bases this request on the legal principles established in *Loper Bright Enterprises v. Raimondo*, No. 22-4751, 2024 WL 3208360 (U.S. June 28, 2024) ("*Loper Bright*"). Decided just over three months prior to the Court's denial of HoosierVac's Motion to Transfer (Dkt. 43), *Loper* fundamentally reshaped the framework for judicial review of administrative agency decisions. Specifically, it limited *Chevron* deference previously granted to administrative agencies, like the NLRB, in interpreting ambiguous statutory language.

HoosierVac contends that the Court must now exercise independent judicial review of the statutory questions at issue and transfer these cases to federal court for proper adjudication.

In light of recent developments in case law and the ongoing harm caused by the proceedings before the National Labor Relations Board ("NLRB"), HoosierVac believes that reconsideration is warranted. Specifically, the Court's ruling in *Loper Bright Enterprises v.*

1

*Raimondo* and the principles established therein significantly alter the legal landscape

surrounding the deference afforded to administrative agencies.

Additionally, HoosierVac asserts that the NLRB's actions are causing irreparable harm,

and several extraordinary legal remedies exist, including a writ of mandamus, constitutional

challenges, and pre-enforcement review, which justify federal court intervention.

## II. LEGAL STANDARD FOR RECONSIDERATION

## II. Legal Standard for Reconsideration

Federal Rule of Civil Procedure 60(b)(2) and 60(b)(6), (GROUNDS FOR RELIEF FROM A FINAL

JUDGMENT, ORDER, OR PROCEEDING) provides courts with the authority to reconsider their orders for

"any other reason that justifies relief." The Seventh Circuit has recognized that significant

changes in legal authority qualify as extraordinary circumstances warranting reconsideration

under Rule 60(b)(6). (*Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006)). In this instance,

*Loper Bright (infra)* represents a significant legal development, altering the longstanding

principle of judicial deference to agency actions established in *Chevron U.S.A., Inc. v. Natural

Resources Defense Council, Inc.*, 467 U.S. 837 (1984). In light of this change, HoosierVac seeks

reconsideration of the Court's previous ruling in light of this new legal standard.

Under Rule 60(b)(2), tangentially, the Court can consider new evidence that HoosierVac

just recently discovered.

Under Rule 54(b) of the Federal Rules of Civil Procedure (JUDGMENT ON MULTIPLE CLAIMS OR

INVOLVING MULTIPLE PARTIES), courts may reconsider interlocutory orders where there has been an

intervening change in controlling law, the availability of new evidence, or the need to correct

clear error or prevent manifest injustice. Here, the Supreme Court's decision in *Loper Bright

Enterprises* constitutes an intervening change in law, while the ongoing proceedings at the

NLRB, combined with the irreparable harm facing HoosierVac, provide sufficient grounds for reconsideration to prevent manifest injustice.

## III. ARGUMENT. *LOPER BRIGHT ENTERPRISES V. RAIMONDO* SIGNIFICANTLY ALTERS THE LEGAL FRAMEWORK FOR REVIEWING NLRB ACTIONS

The Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo,* 144 S. Ct. 2244 materially changed the legal framework surrounding judicial deference to administrative agencies. The Court significantly curtailed the Chevron deference doctrine, which previously allowed agencies like the NLRB broad latitude in interpreting statutes within their purview. Under *Chevron*, courts generally deferred to reasonable agency interpretations of ambiguous statutory provisions. However, *Loper* held that agency interpretations of law no longer warrant the same level of deference, requiring courts to conduct independent judicial review of statutory interpretations.

Given this shift, the argument by HoosierVac for transferring the NLRB proceedings to federal court is stronger than before. The NLRB's interpretation of its statutory authority no longer warrants Chevron deference and should be subject to independent review by this Court.

Although not explicitly stated, HoosierVac interpreted the denial of its Motion to Transfer by the Court rested in part on assumptions about the NLRB's authority and discretion in handling labor disputes and, therefore left, HoosierVac with no mechanism to seek the transfer from the NLRB to the federal court pre-final NLRB judgement. However, in light of *Loper*, HoosierVac contends that the NLRB is acting outside the scope of its statutory authority, and this Court is in the best position to conduct a proper review of those legal interpretations.

## Application of *Loper* to HoosierVac's Case -Independent Review of the NLRB's Interpretation of Labor Laws

HoosierVac contends that the NLRB does not have statutory authority to pursue grievances and audits that lack a reasonable basis in labor law. Under *Loper*, the Court is now required to scrutinize these statutory questions independently and is no longer bound by *Chevron*'s deferential standard, which would have otherwise granted significant leeway to the NLRB.

Upon independent review, HoosierVac believes the Court will find that the interpretation of labor laws concerning employee status, union obligations, and employer contributions by the NLRB oversteps its statutory authority. For example, the application of labor law in its double-breasting allegations against HoosierVac—based on timecard misuse— by the NLRB demonstrates an overreach in which the actions by the NLRB are not supported by the statutory framework of the National Labor Relations Act (NLRA). Moreover, the misuse of HoosierVac employee timecards is part and parcel to the HoosierVac defense because it singles out the trustee of Fund high potential for a conflict of interest issue that is dispositive in the instant case.

HoosierVac also asserts that the grievances and audits initiated by the union and the Fund were motivated by anti-competitive interests, not legitimate labor disputes. Although Fund used ERISA as the foundation giving the federal court jurisdiction, HoosierVac maintains that, although the case belongs in federal court, it is not under ERISA, but under an antitrust action. Allegations of double-breasting, misuse of employee timecards, and selective enforcement of grievances were part of a larger effort to undermine HoosierVac's business. These actions fall outside the NLRB's statutory jurisdiction, especially in light of broader issues like antitrust violations and selective ERISA enforcement that do not fall within the NLRB's traditional purview.

*Loper* now provides this Court with the opportunity to challenge the NLRB's statutory authority, as judicial review must be more rigorous and independent in light of the limitations

imposed on administrative deference. HoosierVac contends that without *Chevron* deference, the Court should find that the NLRB's actions will overstep its statutory mandate and that federal court jurisdiction is necessary to prevent overreach.

## B. The Writ of Mandamus Is an Appropriate and Necessary Remedy in This Case

HoosierVac further requests that this Court reconsider its ruling based on the availability of extraordinary remedies, including a writ of mandamus. A writ of mandamus is warranted where a party can demonstrate that the respondent agency is acting outside its lawful authority or abusing its discretion in such a way that it causes irreparable harm. HoosierVac can satisfy these criteria.

The Seventh Circuit has consistently held that federal courts may invoke the All Writs Act to assert jurisdiction in cases where agency actions raise significant federal questions or when administrative agencies overstep their statutory authority. In *In re Cook County Treasurer*, 773 F.3d 834 (7th Cir. 2014), the court recognized the authority of federal courts to intervene in matters where administrative action conflicts with federal law. Similarly, *United States v. New York Telephone Co.*, 434 U.S. 159 (1977), emphasized that the All Writs Act may be used to support the court's jurisdiction and prevent administrative encroachment.

In its previous order, the Court raised concerns about preemption, questioning whether it had the legal authority to preempt the jurisdiction of the NLRB and transfer these cases to federal court (Dkt. 58)[1]. HoosierVac submits that the Court does, in fact, have the authority to transfer these cases under the All Writs Act (28 U.S.C. § 1651). The All Writs Act empowers federal courts to issue "necessary or appropriate" orders in aid of their jurisdiction. Under this Act, the Court has the inherent power to ensure that its jurisdiction is not undermined by administrative overreach or improper agency actions.

---

[1] "Defendant has identified no procedural mechanism by which a pending NLRB proceeding can be "transferred" to this court".

By invoking the All Writs Act, HoosierVac argues that the Court can protect its jurisdiction and prevent conflicting rulings between federal courts and the NLRB. This ensures that the complex statutory issues—including those related to antitrust law, ERISA, and union practices—are resolved in federal court, where they can be properly addressed within the broader legal context. Precedent from the Seventh Circuit has recognized that the All Writs Act is an appropriate tool for safeguarding federal jurisdiction in extraordinary cases, like the one presented here. (*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (7th Cir. 2004)).

**1. The NLRB's Actions Are Causing Irreparable Harm to HoosierVac**

The ongoing proceedings before the NLRB are imposing substantial harm on HoosierVac. Plaintiff, Local 103 and Local 150 have weaponized the NLRB's processes by filing retaliatory complaints, issuing demands for overly broad and irrelevant information (see Exhibit  ), and leveraging NLRB proceedings as a means to financially and reputationally damage HoosierVac. This harm cannot be remedied through normal channels, as allowing the NLRB to reach a final determination would further exacerbate the damage. Mandamus relief is appropriate to prevent this irreparable harm, especially in light of the Court's reduced deference to agency actions under *Loper*.

**2. The NLRB Is Acting Outside Its Statutory Authority**

HoosierVac asserts that the NLRB's actions in the audit and grievances have overstepped their statutory authority by involving matters beyond labor relations, and thus, federal court intervention is necessary.

HoosierVac contends that the NLRB may apply misguided interpretations of statutory law in its rulings, further justifying the writ of mandamus. Without the benefit of Chevron deference, the NLRB's legal interpretations must now be independently reviewed. HoosierVac urges the

Court to reconsider its denial and halt the NLRB's proceedings until these legal issues are fully addressed.

**C. Constitutional Challenges Warrant Immediate Federal Court Intervention**

In addition to the arguments presented above, HoosierVac asserts that its constitutional rights are being violated by the ongoing NLRB proceedings. HoosierVac can mount a constitutional challenge under the principles established in *Seila Law LLC v. CFPB,* 591 U.S. 197 (2020) and *Lucia v. Securities and Exchange Commission*, 585 U.S. 237 (2018)*,* where the Supreme Court held that the structure of certain administrative agencies violated the Constitution's separation of powers principles.

**Seila Law LLC v. CFPB** addressed the constitutionality of the structure of the Consumer Financial Protection Bureau (CFPB), specifically whether its leadership violated the separation of powers doctrine. The CFPB, created by the Dodd-Frank Act, was structured to be an independent agency led by a single director, who could only be removed by the president "for cause."

**Lucia v. SEC** concerned the appointment of administrative law judges (ALJs) at the Securities and Exchange Commission (SEC). The petitioner, Raymond Lucia, argued that the ALJ who presided over his case was improperly appointed, violating the **Appointments Clause** of the U.S. Constitution.

1. **The NLRB's Structure and Processes May Violate HoosierVac's Due Process Rights**

HoosierVac contends that the NLRB's structure—specifically the appointment of administrative law judges (ALJs) and other key decision-makers—violates due process under the U.S. Constitution. In recent years, the Supreme Court has taken a stricter view of how administrative agencies are structured and whether their appointment processes comply with the

Constitution. The ongoing proceedings before the NLRB, particularly with respect to its ALJs, may infringe upon HoosierVac's constitutional right to an impartial and fair hearing that it never had.

### 2. **This Constitutional Claim Justifies Immediate Intervention**

Constitutional claims can bypass normal administrative exhaustion requirements, and courts are empowered to intervene when constitutional rights are at risk. HoosierVac urges this Court to reconsider its prior denial in light of the serious constitutional issues involved and to halt the NLRB proceedings pending resolution of these claims.

### D. Pre-enforcement Review: Immediate Judicial Review of NLRB's Statutory Authority

HoosierVac also requests reconsideration of the motion to transfer based on the option for pre-enforcement review of the NLRB's statutory interpretations. As outlined in the earlier argument, HoosierVac believes that the NLRB is acting beyond its statutory authority in its proceedings against HoosierVac, particularly with respect to its enforcement of certain labor provisions and the breadth of its investigatory actions.

Pre-enforcement challenges are permitted where a party can show that an agency is applying erroneous statutory interpretations that would cause immediate harm. HoosierVac argues that the NLRB's application of the National Labor Relations Act (NLRA) is flawed, and this Court should review these interpretations before allowing the NLRB to proceed further.

### E. HoosierVac's Federal Preemption Argument

Lastly, HoosierVac contends that the NLRB's actions are preempted by federal law, particularly in areas where other federal statutes may conflict with the NLRB's exercise of authority. For instance, if the NLRB's rulings interfere with HoosierVac's obligations under other federal statutes (such as ERISA), federal preemption principles would require this Court to

intervene. This preemption argument further justifies reconsideration and a stay of the NLRB proceedings.

## IV. CONCLUSION

For the reasons stated above, HoosierVac respectfully requests that this Court reconsider its denial of the Motion to Transfer. In light of the *Loper Bright Enterprises* decision, the availability of extraordinary remedies, the constitutional issues at stake, and the pre-enforcement challenges raised by HoosierVac, immediate federal court intervention is necessary to halt the ongoing NLRB proceedings. HoosierVac urges the Court to grant this motion and prevent further irreparable harm.

Filed this 29th day of October, 2024.

                                         Respectfully submitted,

                                         */s/Rafael Ramirez,* Esq.
                                         Rafael Ramirez, Esq.
                                         IN 18847-49; TX 24087060
                                         RAMIREZ LAW OFFICE, P.C.
                                         P. O. Box # 219
                                         Rio Hondo, TX 78583
                                         Email: Rafael@ramirez-law.com
                                         Phone: 317-679-5975

### CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2024, I electronically filed the foregoing

**HOOSIERVAC, LLC'S MOTION TO RECONSIDER THE COURT'S DENIAL OF**

**MOTION TO TRANSFER** Plaintiff Attorney of record:

Stephen Scott, Trustee
Mid-Central Operating Engineers Health and Welfare Fund c/o
Daniel Bowman, Esq.
BOWMAN & VLINK, LLC
911 E. 86th Street, Suite 201-M Indianapolis, IN 46240
E-mail: dbowman@fdgtlaborlaw.com

Stephen Scott, President IUOE Local 103 c/o
Daniel Bowman, Esq.
BOWMAN & VLINK, LLC
911 E. 86th Street, Suite 201-M Indianapolis, IN 46240
E-mail: dbowman@fdgtlaborlaw.com
Daniel Bowman (31691-49)
BOWMAN & VLINK, LLC
E-mail: dbowman@fdgtlaborlaw.com

IUOE Local 150 Legal Department 6140 Joliet Road
Countryside, IL 60525
D.pierson@local150.org

James Sweeney, President-Business Manager
c/o Dale Pierson, General Counsel IUOE
Local 150 Legal Department 6140 Joliet Road
Countryside, IL 60525
D.pierson@local150.org

National Labor Relations Board National Labor Relations Board –
Region 25 Office of Appeals
Washington, D.C. 20570
NLRB e-filing system

PATRICIA K. NACHAND, Regional Director
1015 Half Street SE
575 N Pennsylvania St, Ste 238
Indianapolis, IN 46204-1520
NLRB e-filing system

*/s/Rafael Ramírez*
 Rafael Ramirez, Esq.