UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, | ) ) ) |
| Plaintiff, | ) |
| v. | ) No. 2:24-cv-00326-JPH-MJD |
| HOOSIERVAC LLC, | ) |
| Defendant. | ) |

**RESPONSE BY HOOSIERVAC, LLC TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND STRIKE AFFIRMATIVE DEFENSES**

**I. Introduction**

HoosierVac, through undersigned counsel, submits this response in defense against the Plaintiffs' Motion to Dismiss Defendant's Counterclaims and to Strike Affirmative Defenses (Dkt. 67 & 68). HoosierVac maintains that each of its defenses is properly pled, providing sufficient notice and factual context to withstand a motion to strike. Furthermore, each counterclaim and defense raised is grounded in applicable law, demonstrating the necessity of allowing this matter to proceed to discovery.

**II. Argument**

**1. Preservation of Fiduciary Defenses -** *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985)

HoosierVac contends that Plaintiffs' audit requests, purportedly made under ERISA fiduciary duties, were conducted improperly, influenced by non-fiduciary considerations and external pressures. As affirmed in *Central States*, ERISA fiduciaries possess broad audit rights, but these rights are contingent upon fulfilling fiduciary duties of loyalty and prudence. If Plaintiffs, as trustees, acted with ulterior motives or in bad faith, their exercise of audit rights could constitute a breach of those duties, thereby supporting the affirmative defense advanced by HoosierVac defenses related to bad faith and breach of fiduciary duty.

HoosierVac alleged the improper use of the timecards of its employees transmitted by IUOE Local 103 and the Fund to IUOE Local 150 that the 150 used in a grievance it filed against HoosierVac. The timecards transmission violated the privacy rights of the HoosierVac employees, while the IUOE Local 103 grievance grossly violated the due process rights of HoosierVac (Dkt. 63).

**Application to Defense of HoosierVac:** The alleged actions by Plaintiffs demonstrate a potential breach of fiduciary duty by prioritizing external interests over its duty to act solely for plan participants. If proven, such actions would invalidate any audit requests based on improper motives, justifying the assertion of defenses challenging the legitimacy of the Fund's conduct.

**2. Defamation and Tortious Interference Claims -** *Integrity Kokosing Pipeline Servs., LLC v. Pipeliners Union 798 United Ass'n* **(S.D. Ind. Sept. 15, 2021)**

The HoosierVac defamation and tortious interference claims stem from the dissemination of allegedly false and damaging statements in which the Fund Trustee Stephen Scott participated or played a significant role in orchestrating, intended to undermine the business operations of HoosierVac. In *Integrity Kokosing*, the court recognized that defamation claims need not be pled with precise quotations but must provide context sufficient for a fair response.

In addition, Hoosier detailed the threat from IUOE Local 103 to "break HoosierVac through an audit," pointing out the inherent conflict of interest and abuse of the authority of Fund Trustee Stephen Scott and IUOE Local 103 President Stephen Scott, as one and the same person, and the to carry out such improper activities by either.

The pleadings by HoosierVac meet this standard by providing allegations sufficient to put Plaintiffs on notice of the nature and context of the claims.

a. **Tortious Interference Allegations:** HoosierVac alleges that the Fund engaged in coercive tactics aimed at disrupting its business relationships.

b. In addition, HooiserVac alleged further interference with its business operations in its Motion to Reconsider (Dkt 64 & 65).

Consistent with *Integrity Kokosing*, HoosierVac's claims provide a plausible basis for further exploration in discovery.

## 3. Proper Pleading of Affirmative Defenses - *Reed v. Columbia St. Mary's Hospital*, 915 F.3d 473 (7th Cir. 2019)

Plaintiffs argue that many of the HoosierVac affirmative defenses should be struck as conclusory. However, in *Reed*, the Seventh Circuit clarified that affirmative defenses must be sufficiently pled to give notice but do not require the same specificity as claims under Rule 8(a). The HoosierVac defenses, including compliance with audit procedures, equitable estoppel, and waiver, meet this threshold by setting forth a factual basis for each claim, providing Plaintiffs with fair notice.

Application to HoosierVac's Defense: In its defenses, HoosierVac details the conduct by the

3

Fund and historical interactions that form the basis for claims of estoppel and waiver (Dkt. 52). This includes the HoosierVac alleged conduct by the Fund, that HoosierVac reasonably relied upon to its detriment, which, if proven, would justify these defenses under applicable legal standards.

**III. Conclusion**

The defenses and counterclaims asserted by HoosierVac are neither threadbare nor legally insufficient. They present substantive legal and factual challenges to the Fund's conduct, warranting full consideration through the discovery process. Accordingly, the Plaintiffs' motion to dismiss and strike should be denied in its entirety, allowing HoosierVac to substantiate its claims and defenses with evidence.

Filed this 13th day of November 2024.

*/s/Rafael Ramirez,* Esq.

Rafael Ramirez, Esq.

IN 18847-49; TX 24087060
RAMIREZ LAW OFFICE, P.C.
P. O. Box # 219
Rio Hondo, TX 78583
Email: Rafael@ramirez-law.com
Phone: 317-679-5975

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of November 2024, I electronically filed the foregoing RESPONSE BY HOOSIERVAC, LLC TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND STRIKE AFFIRMATIVE DEFENSES to Plaintiff's Attorney of record:

Daniel Bowman, Esq.
BOWMAN & VLINK, LLC   E-mail: dbowman@fdgtlaborlaw.com