UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOOSIERVAC LLC, )<br>)<br>Defendant. ) | No. 2:24-cv-00326-JPH-MJD |

**ORDER**

This matter is before the Court on Plaintiff's Motion for a Protective Order Regarding Defendant's Non-Party Subpoena to Craigslist. [Dkt. 54.] For the reasons set forth below, the motion is **GRANTED**. Defendant's related Motion for Leave to File a Corrected Affidavit, [Dkt. 66], also is **GRANTED**, and the Court has considered the corrected affidavit, [Dkt. 66-2], in ruling on the instant motion.

As the title of Plaintiff's motion suggests, at issue is a subpoena sent to Craigslist, a non-party to this case, by Defendant. The subpoena seeks the following information regarding a certain post made on Craigslist:

- The email address associated with the user who created the post
- The IP address assigned to the user at the time the post was created.
- The phone number used to verify the user account, if applicable.
- The date and time when the post was created.
- The date and time of any edits or updates made to the post.

[Dkt. 47.] The post in question apparently offered free chickens and gave the telephone number of the husband of one of Defendant's owners, who did not, in fact, have chickens to give away.[1] Defendant suspects that one of its former employees, Derek Lane, acting in concert with Plaintiff, made the post, allegedly as a way of harassing Defendant.

Plaintiff moves for a protective order pursuant to Federal Rule of Civil Procedure 26(b)(2), arguing the following:

> As information about a Craigslist post by a former employee of Defendant's concerning free chickens is not relevant to any claim or counterclaim that is currently pending in the case, it is also not proportional to the needs of the case or important to resolving the issues. The subpoena necessarily imposes annoyance and undue burden and expense on Plaintiffs and Craigslist by seeking patently irrelevant information. *See* FRCP 26(b)(1).

[Dkt. 55 at 5.] It is unclear how a non-party subpoena causes annoyance, burden, or expense on Plaintiffs, who are not responsible for responding to it. That leaves the argument that the information sought is irrelevant to the claims or defenses in this case.

The definition of relevance in the context of discovery is quite broad. However, it is not boundless. The Court finds that Defendant has crossed the boundary of relevance with its subpoena to Craigslist. Defendant asserts that the information about the chicken post "may provide insight into the broader anti-competitive behavior by the 103 and the Fund. HoosierVac believes that the post was not an isolated incident but rather part of a coordinated attack aimed at damaging its business reputation, deterring customers, and driving it out of the market." [Dkt. 63 at 5.] But the post did not involve Defendant's business directly; it involved the husband of one of Defendant's owners. And while it likely was designed to annoy the husband by directing

---

[1] This is the characterization of the content of the Craigslist post in Plaintiff's brief in support of the instant motion, which was based on a conversation with defense counsel. [Dkt. 55 at 3.] Defendant does not dispute this characterization in any way, but, curiously, refers to the Craigslist post as "defamatory" in its response brief. [Dkt. 63 at 3.]

2

unsolicited phone calls to his phone number from people seeking free chickens, it is difficult to see how that would damage Defendant's business or reputation in any way. So even if Defendant's speculation about who was behind the post is correct—and Defendant has pointed to nothing but its own rank speculation—there are still several layers of speculation and inferences that have to be drawn before the information Defendant seeks has any relevance to the claims or defenses in this case. This is a paradigmatic fishing expedition, which is not proper discovery. *See In re Sheehan*, 48 F.4th 513, 527 (7th Cir. 2022) ("'[A] district court does not abuse its discretion in denying additional discovery where the request was based on nothing more than mere speculation and would amount to a fishing expedition.'") (quoting *Helping Hand Caregivers, Ltd. v. Darden Restaurants, Inc.*, 900 F.3d 884, 890 (7th Cir. 2018)). Accordingly, Plaintiff's Motion for a Protective Order Regarding Defendant's Non-Party Subpoena to Craigslist, [Dkt. 54], is granted.

      SO ORDERED.

Dated: 17 DEC 2024

                Mark J. Dinsmore
                United States Magistrate Judge
                Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.