UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:24-cv-00326-JPH-MJD ) |
| HOOSIERVAC LLC, | ) ) ) |
| Defendant. | ) |

**ORDER TO SHOW CAUSE**

On October 29, 2024, attorney Rafael Ramirez filed a brief in support of Defendant's Motion to Reconsider the Court's Denial of Motion to Transfer. [Dkt. 65.] In that brief, Mr. Ramirez cited to *In re Cook County Treasurer*, 773 F.3d 834 (7th Cir. 2014). *Id.* at 5. When the Court was unable to locate that case, it ordered Defendant to "file a Notice with the correct citation" and "attach a copy of the opinion to the Notice." [Dkt. 82.] In response, Mr. Ramirez filed a Notice in which he acknowledged that he, too, was unable to locate the case. He therefore "acknowledge[d] that the referenced citation was in error," "withdr[ew] the previously cited authority and apologize[d] to the Court and opposing counsel for the confusion." [Dkt. 86 at 1.]

Transposing numbers in a citation, getting the date wrong, or misspelling a party's name is an error. Citing to a case that simply does not exist is something else altogether. Mr. Ramirez offers no hint of an explanation for how a case citation made up out of whole cloth ended up in his brief. The most obvious explanation is that Mr. Ramirez used an AI-generative tool to aid in drafting his brief and failed to check the citations therein before filing it. Whether or not that is

the case, filing a brief with a non-existent citation falls far short of an attorney's duty to the Court, his client, and opposing counsel.

Accordingly, pursuant to Federal Rule of Civil Procedure 11(c)(3), Mr. Ramirez is **ORDERED TO SHOW CAUSE, IN PERSON,** why he should not be sanctioned for violating Rule 11(b). The show cause hearing will be held on **Friday, January 3, 2025 at 12:00 p.m. (Eastern)**, in Courtroom 270, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana, before Magistrate Judge Mark J. Dinsmore. Plaintiff's counsel may attend the hearing, but is not required to do so.

Finally, a non-exhaustive review of Mr. Ramirez's other filings in this case reveals two other citations that the Court is unable to readily locate: *Knoedler Manufacturers, Inc. v. Cox*, 545 F.2d 1033, 1035 (7th Cir. 1976), cited in [Dkt. 39]; and *Brown v. Local 58, IBEW*, 628 F.2d 441 (6th Cir. 1980), cited in [Dkt. 52]. Mr. Ramirez shall be prepared to discuss these citations at the hearing as well.

SO ORDERED.

Dated: 23 DEC 2024

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.