UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MID CENTRAL OPERATING ENGINEERS )
HEALTH AND WELFARE FUND, )
 )
          Plaintiff, )
 )
      v. )    No. 2:24-cv-00326-JPH-MJD
 )
HOOSIERVAC LLC, )
 )
          Defendant. )

**RESPONSE TO ORDER**

On 02/21/2025, Indiana Southern District Magistrate Judge Mark J. Dinsmore issued an ORDER (Dkt 99). The purpose of this response is to address the mootness of objections due to the severe and irreversible harm caused to Attorney Ramirez's professional reputation, despite his acknowledgment of error and the absence of any ill will toward the judiciary.

The issuance of the Report and Recommendation has already inflicted significant and irreversible harm to Attorney Ramirez's professional reputation. The public nature of the proceedings and the subsequent recommendation for sanctions have resulted in reputational damage that cannot be undone, regardless of any future objections or appeals. The legal community and Attorney Ramirez's clients have been made aware of the allegations and the recommended sanctions, which has already affected his standing and credibility as an attorney

Attorney Ramirez has openly acknowledged his error in relying on generative artificial intelligence tools that produced fictitious case citations, and confirmed to the Court of its communication of it to the affected client. During the hearing on January 3, 2025, Attorney Ramirez admitted to his oversight and expressed his lack of awareness regarding the potential

1

for AI to generate non-existent legal citations. Attorney Ramriez has since taken steps to educate himself on the responsible use of AI in legal practice, demonstrating his commitment to rectifying his mistake and ensuring it does not recur. Repetition of the error is unlikely.

It is important to emphasize that Attorney Ramirez's actions were not motivated by any ill will or malice toward the judiciary or opposing counsel. His reliance on AI-generated citations was a result of oversight and a lack of understanding of the technology's limitations, rather than any intentional misconduct. Attorney Ramirez did not act in bad faith and has expressed his sincere apologies to the Court and opposing counsel for any confusion caused.

The principle of mootness is applicable in this context due to the irreversible harm already suffered by Attorney Ramirez. Courts have recognized that when the harm sought to be prevented has already occurred, the issue becomes moot. See *DeFunis v Odegaard*, 416 U.S. 312. 320 (1974) Per Curiam; see also *Iron Arrow Honor Society v. Heckler* 464 U.S. 67, 73 (1983). Per Curiam. In this case, the reputational damage to Attorney Ramirez is irreversible, rendering any further proceedings or objections moot. The focus should now be on preventing further harm and allowing Attorney Ramirez to rehabilitate his professional standing.

In light of the severe and irreversible harm to Attorney Ramirez's reputation, his acknowledgment of error, and the absence of ill will, it is respectfully submitted that any objections to the Report and Recommendation are moot. Attorney Ramirez has taken steps to address the issues raised and is committed to upholding the highest standards of professional conduct moving forward. The undersigned Attorney Rafael Ramirez respectfully requests that the Court consider these factors in determining the appropriate course of action.

Date: March 7, 2025                                                                 Respectfully submitted,

*/s/Rafael Ramirez*
Rafael Ramirez, Esq.
IN # 18847-49; TX E 24087060
RAMIREZ LAW OFFICE, P.C.
[.O. Box 219
Rio Hondo, TX 78583
(317) 679-5975
Email: rafael@ramriez-law.com

**CERTIFICATE OF SERVICE**

I certify that this RESPONSE TO ORDER has been filed via the Court's CM/ECF system on the 7th day of March, 2025. Notice of this filing will be sent to the attorneys of record via the Court's electronic filing system.