UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, STEPHEN SCOTT, Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>HOOSIERVAC LLC,<br><br>Defendant. | No. 2:24-cv-00326-JPH-MJD |
| HOOSIERVAC LLC,<br><br>Counter Claimant,<br><br>v.<br><br>MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND,<br><br>Counter Defendant. | |

**ORDER ON MOTION TO DISMISS COUNTERCLAIMS AND STRIKE AFFRIMATIVE DEFENSES**

Plaintiffs Stephen Scott and Mid Central Operating Engineers Health and Welfare Fund allege that HoosierVac LLC breached collective bargaining and trust agreements by refusing to allow an audit of its books and payroll records. Dkt. 1 at 1–2. HoosierVac responded with nine affirmative defenses and counterclaims for breach of fiduciary duty, defamation, tortious interference with business relations, and conspiracy. Dkt. 16 at 4–11. Plaintiffs have filed a motion to dismiss HoosierVac's counterclaims and to strike eight of its nine

1

affirmative defenses. Dkt. 67. For the reasons below, that motion is **GRANTED** as to HoosierVac's counterclaims and **GRANTED IN PART** as to HoosierVac's affirmative defenses.

## I.
## Facts and Background

Because Plaintiffs have moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the [counterclaims] as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

HoosierVac began "competing in the hydro vacuum industry" in 2018 and its market share has grown significantly since then. Dkt. 16 at 8. In April 2018, a local union—Local 103—demanded that HoosierVac's owner and superintendent join the union in order to use union-supplied vacuum truck operators. *Id.* At some point, another union—Local 150—"filed a baseless grievance" against HoosierVac and then "did not afford HoosierVac a fair opportunity to contest the accusations." *Id.*

Those two unions influenced Mid Central Operating Engineers Health and Welfare Fund to "conduct[ ] unwarranted audits and disseminate[ ] misleading financial information" that harmed HoosierVac. *Id.* The Fund and Stephen Scott also "made false and defamatory statements regarding HoosierVac's business practices." *Id.*

Relying on those allegations, HoosierVac filed counterclaims against the Fund for breach of fiduciary duty, defamation, tortious interference with business relations, and conspiracy. *Id.* at 9–10. Plaintiffs have filed a motion

2

to dismiss the counterclaims for failure to state a claim and to strike eight of HoosierVac's affirmative defenses. Dkt. 67.

## II.
## Rule 12(b)(6) Standard

Plaintiffs may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss counterclaims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a counterclaim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a counterclaim "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the [counterclaim] as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616. "It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the [counterclaim]." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

3

# III.
# Analysis

## A. Breach of Fiduciary Duty Counterclaim

The Employee Retirement Income Security Act ("ERISA") imposes a fiduciary duty on the Fund, requiring it to "discharge [its] duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1). HoosierVac alleges that the Fund "breached its fiduciary duty by using its position to harm HoosierVac financially and to disseminate false information." Dkt. 16 at 9. The Fund argues that this counterclaim must be dismissed because there are no allegations describing that false information or how it was disseminated. Dkt. 68 at 3. HoosierVac responds that the Fund is an ERISA fiduciary that may have exercised its audit rights in bad faith. Dkt. 72 at 2.[1]

HoosierVac, however, does not allege facts allowing an inference that the Fund breached its fiduciary duty. *See Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (Factual allegations must provide "more than labels and conclusions."). HoosierVac provides no information supporting its allegations that the audits were "unwarranted" or that the Fund "disseminated misleading financial information," dkt. 16 at 8, and those "mere conclusory statements" are insufficient to state a claim, *Oakland Police & Fire Retirement Sys. v. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017). And in its brief, HoosierVac merely speculates that "[i]f" the Fund acted in bad faith, that "could" show a

---

[1] HoosierVac appears to address only fiduciary-duty-related defenses, rather than its counterclaim, but the Court broadly construes its argument. *See* dkt. 72 at 2.

4

breach of fiduciary duty. Dkt. 72 at 2; *see Appvion, Inc. Retirement Savings Plan v. Buth*, 99 F.4th 928, 943 (7th Cir. 2024) (allegations must "raise a right to relief above the speculative level").

HoosierVac's breach of fiduciary duty counterclaim therefore must be dismissed.

### B. Defamation Counterclaim

HoosierVac alleges that the Fund "made false and defamatory statements regarding HoosierVac's business practices." Dkt. 16 at 8. The Fund argues that this counterclaim must be dismissed because HoosierVac does not identify an allegedly false statement or allege that any statement was communicated to a third party. Dkt. 68 at 4–5. HoosierVac responds, without elaboration, that "allegedly false and damaging statements" were disseminated that were "intended to undermine the business operations of HoosierVac." Dkt. 72 at 2–3.

Because HoosierVac has not pleaded any content of a potentially defamatory statement, this counterclaim must be dismissed. *See Integrity Kokosing Pipeline Servs., LLC v. Pipeliners Union 798*, No. 1:20-cv-2321-RLM-MG, 2021 WL 4194435 at *9 (S.D. Ind. Sept. 15, 2021) ("While the pleading does not need to incorporate the literal statement, a party asserting a defamation claim must provide some context as to when and how the allegedly defamatory statement was made to allow the defendant to form an appropriate response."); *McCauley*, 671 F.3d at 616 (Legal conclusions and conclusory allegations do not state a plausible claim.).

5

### C. Tortious Interference with Business Relations Counterclaim

Tortious interference with a business relationship requires the defendant's knowledge of and intentional interference with a valid business relationship. *Laux v. Baker*, 238 N.E.3d 692, 701 (Ind. Ct. App. 2024). "To be tortious, the wrongful conduct had to involve some independent illegal act." *Id.*

HoosierVac alleges, without detail, that the Fund used "coercion, false claims, and intimidation" to interfere with HoosierVac's business opportunities. Dkt. 16 at 9. The Fund argues that this counterclaim must be dismissed because HoosierVac does not provide facts supporting any element of its counterclaim, including an independently illegal act. Dkt. 68 at 5–6. In response, HoosierVac repeats that the Fund "engaged in coercive tactics." Dkt. 72 at 3.

HoosierVac does not describe the Fund's allegedly "coercive tactics" or plead facts supporting a plausible inference that they were illegal. *See id.* To the extent HoosierVac is referring to defamatory statements, "defamation does not constitute illegal conduct for the purpose of determining whether one tortiously interfered with the business relationship of another." *Laux*, 239 N.E.3d at 701. Finally, HoosierVac argues that it "alleged further interference with its business operations in its motion to reconsider" Magistrate Judge Dinsmore's denial of its motion to transfer. Dkt. 72 at 3. But even if those filings were considered with HoosierVac's pleading, HoosierVac does not specify illegal conduct in those filings, which challenge the NLRB's statutory authority rather than the Fund's actions. *See id.*; dkt. 64; dkt. 65.

6

HoosierVac therefore has not pleaded a plausible claim of tortious interference with a business relationship. *See McCauley*, 671 F.3d at 616 (Legal conclusions and conclusory allegations do not state a plausible claim.).

### D. Conspiracy Counterclaim

HoosierVac alleges that the "Fund conspired with Local 103 and Local 150 to damage HoosierVac's business operations through coordinated unlawful activities, including defamation, unauthorized audits, and false grievances." Dkt. 16 at 10. The Fund argues that this counterclaim must be dismissed because no allegations support an agreement to violate HoosierVac's rights. Dkt. 68 at 6–7. HoosierVac did not respond. *See* dkt. 72.

A civil conspiracy requires "concerted action to accomplish an unlawful purpose or to accomplish some lawful purpose by unlawful means." *Birge v. Town of Linden*, 57 N.E.3d 839, 845 (Ind. Ct. App. 2016). HoosierVac, however, alleges only that the Fund acted "under the influence" of Local 103 and Local 150. *See* dkt. 16 at 8–10. That conclusory allegation is not enough to plausibly allege concerted action. *See McCauley*, 671 F.3d at 616; *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) ("Even before *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, a bare allegation of a conspiracy was not enough to survive a motion to dismiss for failure to state a claim."). The conspiracy counterclaim therefore must be dismissed. *See Redd v. Nolan*, 663 F.3d 287, 292 (7th Cir. 2011) (affirming dismissal when "[t]he complaint includes not a whiff of a conspiratorial agreement or any improper complicity . . . to support the conclusory allegation").

7

### E. Affirmative Defenses

Plaintiffs argue that eight of HoosierVac's affirmative defenses should be stricken from its answer: (1) bad faith audit request, (2) lack of standing, (3) equitable estoppel, (4) waiver, (5) breach of fiduciary duty, (6) unclean hands, (7) failure to state a claim, and (8) unenforceable contract. Dkt. 68 at 8–14. HoosierVac responds without elaboration it has "set[ ] forth a factual basis" for each defense. Dkt. 72 at 3.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because affirmative defenses are pleadings, they "must set forth a 'short and plain statement' of the defense" under Federal Rule of Civil Procedure 8(a). *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). "Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Id.* "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Id.*

HoosierVac's allegations of lack of standing and unenforceable contract challenge Plaintiffs' prima facie case, so they are not affirmative defenses. *See Thirteen Inv. Co. v. Foremost Ins. Co.*, 67 F.4th 389, 391 (7th Cir. 2023) ("A defense is affirmative: (1) if the defendant bears the burden of proof under relevant law or (2) if it does not controvert the plaintiff's proof."). HoosierVac's answer indicates that its "lack of standing" defense is not challenging jurisdiction, but whether the audit requests are within "the relevant agreements and ERISA." Dkt. 16 at 4. And its "unenforceable contract"

8

defense alleges that "HoosierVac did not have an enforceable contract with Local 103, Local 150, or the Fund" to support an audit. *Id.* at 6. Since Plaintiffs' claim alleges that HoosierVac has a contractual obligation to submit to an audit, these defenses go to Plaintiffs' own case rather than being "affirmative." *Thirteen Inv. Co.*, 67 F.4th at 391. They are therefore preserved by denying the complaint's allegations, *id.* at 392, and are **stricken** as affirmative defenses, *see Heller Fin.*, 883 F.2d at 1294 (motions to strike should be granted when they "remove unnecessary clutter").

The Court declines to strike HoosierVac's remaining affirmative defenses. *See id.* (Motions to strike are disfavored because of the potential to "serve only to delay."). The answer briefly identifies the basis for each of those defenses, dkt. 16 at 4–6, so they are more than "bare bones conclusory allegations"—if barely. *Heller Fin.*, 883 F.2d at 1295; *see Shiel Sexton Co. v. Talisman Surety & Fidelity Co.*, No. 1:23-cv-1537-RLY-MKK, 2024 WL 2273437 at *1 (S.D. Ind. Jan. 18, 2024) ("Granting Plaintiff's motion would not speed resolution of this matter. While Defendant's denials are not models of excellent pleading, they are not so deficient as to warrant striking.").

As courts in this district have consistently explained, pleaded affirmative defenses are often "harmless" or resolved in discovery, so motions to strike "are not always a good use of the time it takes to file and rule upon them." *Parker v. Rockies Express Pipeline LLC*, No. 1:11-cv-139-SEB-DML, 2012 WL 4762138 at *3 (S.D. Ind. Oct. 5, 2012); *see Shiel Sexton Co.*, 2024 WL 2273437 at *1; *Jones v. Knox Cnty. Assoc. for Retarded Citizens, Inc.*, No. 2:15-cv-257-WTL-DKL,

9

2016 WL 1627628 at *3 (S.D. Ind. Apr. 19, 2016).  These defenses therefore should ordinarily "be handled in the normal litigation process and not with a motion to strike."  *United States v. Prithipal*, No. 1:18-cv-3879-SEB-MJD, 2019 WL 2607227 at *2 (S.D. Ind. May 23, 2019) (report and recommendation later adopted by the district judge); *accord Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) ("Motions to strike are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.").

## IV.
## Conclusion

Plaintiffs' motion to dismiss counterclaims is **GRANTED** and motion to strike affirmative defenses is **GRANTED** as to lack of standing and unenforceable contract and otherwise **DENIED**.  Dkt. [67].  The **Clerk is directed** to add Stephen Scott, Trustee to the caption as a plaintiff.  *See* dkt. 1.

**SO ORDERED.**

Date: 5/27/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel