UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, STEPHEN SCOTT, Trustee<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>HOOSIERVAC LLC,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 2:24-cv-00326-JPH-MJD<br>)<br>)<br>)<br>) |

**ORDER ON REPORT AND RECOMMENDATION**

Magistrate Judge Mark Dinsmore has recommended that Defendant's counsel, Rafael Ramirez, be personally sanctioned $15,000 "for submitting to the Court and opposing counsel, on three separate occasions, briefs that contained citations to non-existent cases." Dkt. 99; dkt. 87 (order to show cause, citing docket numbers 39, 52, and 65 as filings that each contain citations that Magistrate Judge Dinsmore was unable to locate). Mr. Ramirez admits that he relied "on generative artificial intelligence tools that produced fictitious case citations." Dkt. 102 at 1. And he does not dispute that he did not "make any attempt to verify the existence of the generated citations" or that his actions violated Federal Rule of Civil Procedure 11. *See* dkt. 99 at 2; dkt. 102.

Instead, Mr. Ramirez argues that any sanctions are "moot" because he has suffered "significant and irreversible harm to [his] professional reputation." Dkt. 102. In support, he cites *DeFunis v. Odegaard* and *Iron Arrow Honor*

1

*Society v. Heckler*, which found merits disputes moot because intervening events meant that the federal courts could no longer "affect the rights of litigants in the case." *DeFunis*, 416 U.S. 312, 316–19 (1974); *see Heckler*, 464 U.S. 67, 71–72 (1983). Those cases don't apply here. Rule 11 authorizes "an appropriate sanction on any attorney . . . [who] violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Under that rule, Mr. Ramirez faces Court-ordered sanctions for admitted violations that are within the Court's jurisdiction. *See id.* "[A] court's interest in having the rules of procedure obeyed never disappears," so sanctions payable to the Court cannot become moot because of external consequences. *Clark Equip. Co. v. Lift Parts Mfg. Co.*, 972 F.2d 817, 819 (7th Cir. 1992); *cf. Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1057–58 (7th Cir. 1998); *King v. Whitmer*, 71 F.4th 511, 533 (6th Cir. 2023). The issue of whether the Court should impose sanctions here is therefore not moot.

That said, in considering an appropriate sanction the Court takes into account the steps Mr. Ramirez has taken "to educate himself on the responsible use of AI in legal practice" and adhere to "the highest standards of professional conduct moving forward." *See* dkt. 102 at 2. The Court also considers the collateral consequences that Mr. Ramirez has experienced, and may continue to experience, from having improperly relied on non-existent AI-generated legal citations. *Id.* at 1 (Mr. Ramirez discussing harm to his professional reputation); dkt. 103 (order of reference to the Indiana attorney disciplinary commission). So, the Court has considered those circumstances

2

alongside its interest in deterring careless or reckless attorney conduct. *See* dkt. 99 at 5–6 (citing *Brown v. Fed. of State Med. Bds. of the U.S.*, 830 F.2d 1429, 1438 (7th Cir. 1987)); *Tomczyk v. Blue Cross & Blue Shield United of Wis.*, 951 F.2d 771, 779 (7th Cir. 1991) (Courts must "protect the integrity of [the judicial] system" and "preserve the availability of the federal courts for worthy claims.").

The Court concludes that a sanction of $6,000 "suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).  This substantial sanction is appropriate because, as Magistrate Judge Dinsmore explained, Mr. Ramirez filed briefs containing non-existent AI-generated legal citations on three separate occasions and the penalties imposed on other attorneys for similar misconduct "have evidently failed to act as a deterrent." Dkt. 99 at 4–5 (collecting cases imposing sanctions up to $5,000).  The Court therefore **ADOPTS in part** Magistrate Judge Dinsmore's report and recommendation.  Dkt. [99].  Mr. Ramirez **is personally sanctioned $6,000** and shall pay that amount to the Clerk of the Court **by July 10, 2025**[1].

**SO ORDERED.**

Date: 5/28/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] Because the Court's finance system is being upgraded, payments may not be made between June 6, 2025 and July 2, 2025.

3

Distribution:

All electronically registered counsel

Financial Deputy Clerk